# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 11-20280-CIV-ALTONAGA/White

**GUILLERMO SANCHEZ SALAZAR**,

       Petitioner,

vs.

**UNITED STATES ATTORNEY
GENERAL**, *et al.*,

       Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court upon Magistrate Judge Patrick A. White's Report of

Magistrate Judge (the "Report") [ECF No. 8], entered March 16, 2011. The Court has carefully

reviewed the Report, the parties' written submissions, and the applicable law, and has conducted a

*de novo* review of the record.

As detailed in Judge White's Report, Mr. Salazar, who is proceeding *in forma pauperis* (*see*

Order [ECF No. 6]), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (the

"Complaint") [ECF No. 1]. Although the Complaint is not clearly written, Judge White was able

to determine that Mr. Salazar alleges:

> multiple Miami based United States Attorneys and Federal Public Defenders, the
> United States Attorney General, the Drug Enforcement Agency, the Federal Bureau
> of Investigation and the United States Coast Guard and Customs Agency, as well as
> an investigator, conspired to entrap him with the use of a "possible confidential

informant" (CI). He contends the government failed to produce discovery provided by the CI, and refused to investigate [the CI]. These actions resulted in an unconstitutionally long prison sentence.

(Report 4). Mr. Salazar seeks injunctive relief and "$100,000.00 (One hundred million dollars) [sic] for damages" (Compl. 6). Because the Complaint challenges the action of federal agents, Judge White construes Mr. Salazar's section 1983 claim as a *Bivens* action. (Report 1 (citing *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 409 U.S. 388 (1971))).

Judge White astutely observes that "plaintiff's claims are essentially a collateral attack upon his criminal conviction," and "are not cognizable in a civil rights case." (Report 4). The Report continues, "if convicted, a habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement." (*Id.*); *see also Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995); *Dees v. Murphy*, 794 F.2d 1543, 1545 (11th Cir. 1986) ("[W]e hold that a federal prisoner may not bring a civil rights action directed at the validity of the prisoner's conviction without first exhausting federal habeas corpus remedies."). Consequently, Judge White concludes the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. (*See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.")).

Mr. Salazar's Replay [sic] in Oposition [sic] of the Report and Recommendation of the Magistrate Judge (the "Objections") [ECF No 10] appears to make two Objections in addition to repeating the allegations of the Complaint. First, Mr. Salazar contends the Court should construe

his *pro se* complaint liberally. The Court has indisputably done this. The Complaint is challenging to understand not only because it contains errors in legal reasoning, but also because spelling and grammatical mistakes make some of the sentences so unclear that it is difficult to discern what the Plaintiff wants to say. Nevertheless, the Report properly treats Mr. Salazar's section-1983 Complaint as a *Bivens* action and accurately un-muddles Mr. Salazar's confusing factual allegations.

Second, Mr. Salazar devotes about a page to discussing some procedural aspects of section 2255 motions, which suggests Mr. Salazar may be confusing his section-1983 *cum Bivens* action for a petition for federal habeas relief. (*See* Objs. 11–12). The Court interprets this passage of Mr. Salazar's Objections as a request to construe his Complaint as a section 2255 motion challenging the appropriateness of his sentence. While the Court could treat Mr. Salazar's *Bivens* claims as a section 2255 motion if it provided him with the appropriate notice, *see Castro v. United States*, 540 U.S. 375, 383 (2003), Mr. Salazar already has a section 2255 motion pending in the Southern District of Florida before U.S. District Judge Marcia Cooke. (*See* Case No. 10-21379 [ECF No. 1]). Accordingly, construing this Complaint as a section 2255 motion would yield a successive habeas petition that would require prior certification by the Eleventh Circuit. *See* 28 U.S.C. § 2255(h).

Because the Court agrees with the Report and its reasoning and is not persuaded by Mr. Salazar's Objections, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 8]** is **ACCEPTED in whole**.

2. The Complaint **[ECF No. 1]** is **DISMISSED** for failure to state a claim upon which relief may be granted.

3.      The Clerk is ordered to **CLOSE** the case and any pending motions are **DENIED as**

**moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of April, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Guillermo Sanchez Salazar, *pro se*
        Reg: 76563-004
        Federal Correctional Institution
        1900 Simler Avenue
        Big Spring, Texas 79720